UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

LORENE D. SANDERS,

    Plaintiff,

vs.

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.

Case No. 3:16-cv-00263

District Judge Walter H. Rice
Magistrate Judge Michael J. Newman

---

**REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S NON-DISABILITY FINDING BE FOUND UNSUPPORTED BY SUBSTANTIAL EVIDENCE, AND REVERSED; (2) THIS MATTER BE REMANDED TO THE COMMISSIONER UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR PROCEEDINGS CONSISTENT WITH THIS OPINION; AND (3) THIS CASE BE CLOSED**

---

This is a Social Security disability benefits appeal. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Supplemental Security Income ("SSI"). This case is before the Court upon Plaintiff's Statement of Errors (doc. 7), the Commissioner's memorandum in opposition (doc. 8), Plaintiff's reply (doc. 9), the administrative record (doc. 5), and the record as a whole.[2]

**I.**

**A.    Procedural History**

Plaintiff filed an application for SSI on October 10, 2011. PageID 248, 255. Plaintiff claiming disability as a result of a number of impairments including, *inter alia*, degenerative

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.
[2] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

2

joint disease of the left shoulder, mild osteoarthritis of the knees, and morbid obesity. PageID 77.

After an initial denial of his application, Plaintiff received a hearing before ALJ Gregory Kenyon on November 19, 2014. PageID 102-34. The ALJ issued a written decision on January 26, 2015 finding Plaintiff not disabled. PageID 70-82. Specifically, the ALJ's findings were as follows:

1. The claimant has not engaged in substantial gainful activity since October 20, 2011, the application date (20 CFR 416.971 *et seq.*).

2. The claimant has the following severe impairments: degenerative joint disease (DJD) of the left shoulder, mild osteoarthritis of the knees, morbid obesity, obstructive sleep apnea, carpal tunnel syndrome, mild loss of visual acuity due to retinal lattice degeneration, depression, an anxiety disorder, and a somatoform disorder. (20 CFR 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

4. After careful consideration of the entire record, the undersigned finds that the claimant retains the residual functional capacity ["RFC"] to perform light work[3] as defined in 20 CFR 416.967(b) subject to the following restrictions and limitations: (1) occasional crouching, crawling, kneeling, stooping, balancing, and climbing of ramps and stairs; (2) no climbing of ladders, ropes, and scaffolds; (3) no work around hazards such as unprotected heights or dangerous machinery; (4) no driving; (5) frequent use of the lower extremities for pushing, pulling and operating foot controls; (6) frequent use of the upper extremities for overhead reaching; (7) frequent use of the hands for handing and fingering; (8) limited to performing unskilled, simple, repetitive tasks; (9) occasional contact with co-workers, supervisors,

---

[3] The Social Security Administration ("SSA") classifies jobs as sedentary, light, medium, heavy, and very heavy depending on the physical exertion requirements. 20 C.F.R. § 404.1567. Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and "requires a good deal of walking or standing, or . . . sitting most of the time with some pushing and pulling of arm or leg controls." *Id.* § 404.1567(b). An individual who can perform light work is presumed also able to perform sedentary work. *Id.* Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." *Id.* § 404.1567(a).

and the public; and (10) no fast paced production work or jobs involving strict production quotas.

5. The claimant is unable to perform any past relevant work (20 CFR 416.965).

6. The claimant was born [in] 1974 and was 37 years old, which is defined as a younger individual age 18-49, on the date the application was filed (20 CFR 416.963).

7. The claimant has at least a high school education and is able to communicate in English (20 CFR 416.964).

8. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is 'not disabled,' whether or not the claimant has transferable job skills (*See* SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

9. Considering the claimant's age, education, work experience, and [RFC], there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969(a)).

10. The claimant has not been under a disability, as defined in the Social Security Act, since October 20, 2011, the date the application was filed (20 CFR 416.920(g)).

PageID 72-82.

Thereafter, the Appeals Council denied review on May 18, 2016, making the ALJ's non-disability finding the final administrative decision of the Commissioner. PageID 45-51. Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007) (noting that, "[u]nder the Federal Rules of Appellate Procedure, [claimant] had 60 days from the Appeals Council's notice of denial in which to file his appeal").

B. **Evidence of Record**

In his decision, the ALJ set forth a detailed recitation of the underlying medical evidence in this case. PageID 72-82. Plaintiff, in her Statement of Errors, also summarizes the evidence of record. Doc. 7 at PageID 917-21. The Commissioner, in response to Plaintiff's Statement of

4

Errors, defers to the ALJ's recitation of the evidence and presents no objection to Plaintiff's summary. Doc. 8 at PageID 936. Except as otherwise noted herein, the undersigned incorporates the summary of evidence as set forth by the ALJ and Plaintiff.

## II.

### A. Standard of Review

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen v. Comm'r of Soc. Sec.,* 478 F.3d 742, 745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

### B. "Disability Defined"

To be eligible for disability benefits, a claimant must be under a "disability" as defined

by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 416.920(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?

2. Does the claimant suffer from one or more severe impairments?

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 416.920(a)(4); *see also Miller v. Comm'r of Soc. Sec.,* 181 F. Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

### III.

In her Statement of Errors, Plaintiff argues that the ALJ failed to: (1) appropriately weigh the opinion of her treating physician, Arthur Horton, M.D.; (2) appropriately weigh the opinions of her treating psychiatrists, J.P. Gentile, M.D., and Rian Laub, M.D.; (3) appropriately

6

weigh the other medical opinions; and (4) adequately consider her "unusual morbid obesity." Doc. 7 at PageID 925-31. Finding Plaintiff's first alleged error to be well taken, the undersigned does not address the merits of Plaintiff's remaining three claims.

Until March 27, 2017, "the Commissioner's regulations [that apply to this appeal] establish[ed] a hierarchy of acceptable medical source opinions[.]" *Snell v. Comm'r of Soc. Sec.*, No. 3:12-cv-119, 2013 WL 372032, at *9 (S.D. Ohio Jan. 30, 2013). In descending order, these medical source opinions are: (1) treaters; (2) examiners; and (3) record reviewers. *Id*. Under the regulations in effect prior to March 27, 2017, the opinions of treaters are entitled to the greatest deference because they "are likely to be . . . most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations[.]" 20 C.F.R. § 416.927(c)(2).

Treaters are entitled to the greatest deference because they "are likely to be . . . most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations[.]" 20 C.F.R. § 416.927(d)(2). A treater's opinion must be given "controlling weight" if "well-supported by medically acceptable clinical and laboratory diagnostic techniques and . . . not inconsistent with the other substantial evidence in [the] case record." *LaRiccia v. Comm'r of Soc. Sec.*, 549 F. App'x 377, 384 (6th Cir. 2013). Even if a treater's opinion is not entitled to controlling weight, "the ALJ must still determine how much weight is appropriate by considering a number of factors, including the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the

record as a whole, and any specialization of the treating physician." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009).[4]

After treaters, "[n]ext in the hierarchy are examining physicians and psychologists, who often see and examine claimants only once." *Snell*, 2013 WL 372032, at *9. "The regulations provide progressively more rigorous tests for weighing opinions as the ties between the source of the opinion and the individual [claimant] become weaker." *Id.* (citing SSR 96-6p, 1996 WL 374180, at *2 (July 2, 1996)).

Record reviewers are afforded the least deference and these "non-examining physicians' opinions are on the lowest rung of the hierarchy of medical source opinions." *Id.* "The regulations provide progressively more rigorous tests for weighing opinions as the ties between the source of the opinion and the individual [claimant] become weaker." *Id.* (citing SSR 96-6p, 1996 WL 374180, at *2 (July 2, 1996)).

Unless the opinion of the treating source is entitled to controlling weight, an ALJ must "evaluate all medical opinions" with regard to the factors set forth in 20 C.F.R. § 416.927(c), *i.e.,* length of treatment history; consistency of the opinion with other evidence; supportability; and specialty or expertise in the medical field related to the individual's impairment(s). *Walton v. Comm'r of Soc. Sec.*, No. 97-2030, 1999 WL 506979, at *2 (6th Cir. June 7, 1999).

Dr. Horton first began treating Plaintiff on February 20, 2014. PageID 868-69. He treated Plaintiff for anxiety, depression, morbid obesity, bilateral knee pain, lower back pain, and smoking cessation. *Id.*

---

[4] In essence, "opinions of a treating source . . . must be analyzed under a two-step process, with care being taken not to conflate the steps." *Cadle v. Comm'r of Soc. Sec.*, No. 5:12-cv-3071, 2013 WL 5173127, at *5 (N.D. Ohio Sept. 12, 2013). Initially, "the opinion must be examined to determine if it is entitled to controlling weight" and "[o]nly if . . . the ALJ does not give controlling weight to the treating physician's opinion is the opinion subjected to another analysis based on the particulars of" 20 C.F.R. § 416.927. *Id.*

8

On August 8, 2014, Dr. Horton completed a medical assessment regarding Plaintiff's physical work-related limitations. PageID 806-07. He opined that Plaintiff could do the following in an eight-hour workday: lift up to five pounds; stand and walk for one hour uninterrupted; and sit for up to six hours. *Id.* Dr. Horton explained that his recommended standing and walking limitations for Plaintiff were supported by his medical findings, including knee pain due to patellofemoral syndrome (an evaluation showing 4-/5 bilateral knee strength and decreased flexibility) and other clinical findings indicating that Plaintiff struggled with standing and walking as a result of chondromalacia patella and patellar tendonitis. *Id.* Dr. Horton further found that Plaintiff's handling, fingering, and pushing/pulling were also restricted by joint pain in her hands, which limited motion and caused decreased strength. *Id.* Dr. Horton concluded that Plaintiff could not perform light work on a sustained basis, but that she could perform sedentary work. *Id.*

On October 3, 2014, Dr. Horton completed responses to interrogatories. PageID 868-76. Dr. Horton then opined that Plaintiff would not: be prompt and regular in attendance, not behave in an emotionally stable manner, or be able to complete a normal workday and workweek without interruption from psychologically and/or physically-based symptoms. PageID 870-75. Dr. Horton concluded that Plaintiff was "moderately" restricted in: activities of daily living; maintaining social functioning; and maintaining concentration, persistence, and pace.[5] PageID 876.

The ALJ found that Dr. Horton's opinions were entitled to "little weight." PageID 79. In so concluding, the ALJ found the following:

---

[5] Whereas "mild" and "moderate" functional limitations are generally considered "non-disabling," *see Sims v. Comm'r of Soc. Sec.*, 406 F. App'x 977, 980 (6th Cir. 2011), "marked" limitations are suggestive of disability. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00(C); *Lankford v. Sullivan*, 942 F.2d 301, 307 (6th Cir. 1991).

9

> Little weight has been given to the assessments of treating physician, Dr. Horton (Exhibits 29F and 34F). His assessment that the claimant is limited to lifting just five pounds and to standing or walking for just two hours per day, and to the extent otherwise noted in that assessment, is not supported by either the level of treatment the claimant has received, the objective testing of record, or Dr. Danopulos' findings, which are summarized and discussed herein above. The mental interrogatory responses which Dr. Horton also submitted (Exhibit 34F) are also inconsistent with the claimant's progress notes from ATS and Dr. Flexman's objective findings on both examinations.

PageID 79. The Court agrees with Plaintiff that the ALJ erred in assessing the weight to be reasonably accorded to Dr. Horton's opinions.

Initially, the Court notes that the ALJ failed to set forth the required controlling weight analysis when analyzing Dr. Horton's opinions. *See Wilson v. Comm'r of Soc. Sec.,* 378 F.3d 541, 544 (6th Cir. 2004). Thus, the Court cannot determine whether the ALJ undertook the "two-step inquiry" required when analyzing treating source opinions. *See Gayheart v. Comm'r of Soc. Sec.,* 710 F.3d 365, 376-78 (6th Cir. 2013). The lack of explanation regarding the "controlling weight [analysis] hinders a meaningful review of whether the ALJ properly applied the treating-physician rule that is at the heart of this regulation." *Id.* at 377 (citations omitted). On this basis alone, reversal and remand is mandated. *See Aytch v. Comm'r of Soc. Sec.,* No. 3:13-cv-135, 2014 WL 4080075, at *4 (S.D. Ohio Aug 19, 2014).

Further, insofar as the ALJ found Dr. Horton's opinions inconsistent with the objective findings of Damian Danopulos, M.D., and Jerry E. Flexman, Ph.D., the undersigned notes that any such conflict cannot amount to substantial evidence upon which to deny Dr. Horton's opinions controlling weight. *See Gayheart,* 710 F. 3d at 377 (holding that "conflicting substantial evidence must consist of more than the medical opinions of the nontreating and nonexaming doctors" because "[o]therwise the treating-physician rule would have no practical force").

Even assuming, *arguendo*, that the ALJ adequately conducted and explained the controlling weight test -- which the undersigned concludes he did not -- the ALJ nevertheless failed to provide good reasons for discounting the weight accorded to Dr. Horton's opinions.

First, the ALJ's finding -- that Dr. Horton's opinion as to Plaintiff's physical limitations was not supported by "the level of treatment" Plaintiff received and "the objective testing of record" -- is impermissibly vague. PageID 79. The ALJ failed to identify any specific parts of the record that he found to be inconsistent with Dr. Horton's opinions. An ALJ has a duty to meaningfully articulate the reasons why he or she has credited or rejected particular sources of evidence. *See Gayheart,* 710 F.3d at 376-78; *accord McHugh v. Astrue,* No. 1:10-cv-734, 2011 WL 6130824, at *4 (S.D. Ohio Nov. 15, 2011) (holding that as a rule, the ALJ must build an accurate and logical bridge between the evidence and his conclusion). Therefore, the undersigned finds the ALJ's reasoning in this regard unsupported by substantial evidence.

Second, insofar as the ALJ found that Dr. Horton's findings as to Plaintiff's mental limitations were inconsistent with Plaintiff's progress notes from Advanced Therapeutics ("ATS"), the undersigned finds the ALJ's reasoning in this regard unsupported by substantial evidence. PageID 79. The ALJ fails to identify a single citation to any specific portion of the medical evidence which is allegedly inconsistent with Dr. Horton's findings. This represents clear error which hinders the ability of this Court to meaningfully review the ALJ's conclusion. *See Dapice v. Commissioner,* 3:13-cv-00264, 2015 WL 4540538, at *9 (S.D. Ohio Feb. 10, 2015); *see also Friend v. Comm'r of Soc. Sec*, 375 F. App'x 543, 551-52 (6th Cir. 2010) (holding that "it is not enough to dismiss a treating physician's opinion as "incompatible" with other evidence of record; there must be some effort to identify the specific discrepancies and to explain why it is the treating physician's conclusion that gets the short end of the stick").

Based upon the foregoing, the Court finds the ALJ's assessment of Dr. Horton's opinions unsupported by substantial evidence and therefore meriting reversal.

## IV.

When the ALJ's non-disability determination is unsupported by substantial evidence, the Court must determine whether to remand the matter for rehearing or to award benefits. Generally, benefits may be awarded immediately "if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990). The Court may only award benefits where proof of disability is strong and opposing evidence is lacking in substance, so that remand would merely involve the presentation of cumulative evidence, or where proof of disability is overwhelming. *Faucher*, 17 F.3d at 176; *see also Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994).

Here, evidence of disability is not overwhelming and, therefore, a remand for further proceedings is proper so that the ALJ can properly assess all opinion evidence of record anew in light of the foregoing findings.

## V.

**IT IS THEREFORE RECOMMENDED THAT**:

1. The Commissioner's non-disability finding be found unsupported by substantial evidence, and **REVERSED**;

2. This matter be **REMANDED** to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for proceedings consistent with this opinion; and

3. This case be **CLOSED**.

Date: 6/29/2017          s/ Michael J. Newman
         Michael J. Newman
         United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d). Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).